HERSEY B. GOODWIN & another *vs.* BOSTON AND LOWELL RAILROAD COMPANY.

A. sold grain to B. for cash; B. did not pay for it, but sold and delivered it to C., who was ignorant that B. had not paid for it. A. replevied the grain. At the trial there was proof of a usage in the grain trade on cash sales to deliver the grain to the buyer before payment, and to allow him time, not exceeding ten days, before calling on him for payment, and also of a usage for the buyer in such cases to sell the grain at any time after delivery to him. *Held,* that title to the grain passed to C.

REPLEVIN of corn by Hersey B. Goodwin and Joseph H. Locke. Writ dated October 12, 1870. At the trial in the Superior Court, before *Scudder*, J., without a jury, the following facts appeared:

The defendants on September 23, 1870, received and held on storage for the plaintiffs in Boston 1056¼ bushels of corn, to be delivered to the order of the plaintiffs. On September 29 the plaintiffs agreed with Wesley P. Balch, a dealer in grain in Boston, to sell him 1056½ bushels of corn for cash, and delivered to him an order therefor on the defendants. No time of payment was specifically named. The name of Balch was not inserted in the order, when delivered by the plaintiffs, but was afterwards written in by Balch himself. Balch never paid for the corn, but on October 7 he borrowed money from the firm of Ware, Richardson & Company of Boston, and gave them said order, indorsed by him, as part security therefor, they being ignorant of the fact that he had not paid for the corn. On October 10, the order was presented by Ware, Richardson & Company to the defendants,

and was accepted by them in writing; and on the same day the defendants delivered, upon an order of Ware, Richardson & Company, 100 bushels of the corn; and also on the same day a transfer of the corn was made upon the books of the defendants from the plaintiffs to Balch, and another transfer from Balch to Ware, Richardson & Company; and the plaintiffs never countermanded their order before this action was brought.

It appeared, by evidence introduced by the plaintiffs, against the objection of the defendants, " that by the usage of the grain trade in Boston, a sale is considered a cash sale if no terms of payment are named; and also, that it is the usage of said trade on cash sales to give an order for delivery to the buyer before payment is made, and to allow the buyer time, not exceeding ten days, before calling on him for payment." No question was raised as to the unreasonableness of these usages. It also appeared, from evidence introduced by the defendants, against the objection of the plaintiffs, that it is the usage in said trade for the buyer in such cases to sell the property at any time after the delivery of such order to him."

Upon the above facts, or such thereof as were admissible, the judge, by the consent of the parties, reported the case for the determination of this court. If in the opinion of this court this action could be maintained, then judgment to be entered for the plaintiffs; otherwise, for the defendants.

*A. Churchill & J. E. Hudson,* for the plaintiffs.

*R. Lund & D. E. Richardson,* for the defendants.

WELLS, J. The plaintiffs, having 1056½ bushels of corn on storage with the defendants, sold that quantity to Balch, and delivered to him an order upon the defendants therefor. Balch transferred his interest to Ware, Richardson & Company, by indorsing and delivering to them the order which he had received from the plaintiffs. Ware, Richardson & Company presented the order to the defendants; and the corn was transferred, on the books of the defendants, in accordance with the transfers shown by the order and its indorsement. The defendants thus became bailees of the corn for Ware, Richardson & Company, and delivered a part of it upon their order. These facts make a completed

sale, perfected by delivery; and are a full discharge of the original contract of bailment. The title to the corn thenceforth was vested in Ware, Richardson & Company.

The only ground on which this result is controverted is, that the sale was conditional. The plaintiff introduced evidence to show a usage of the grain trade in the city of Boston to the effect that " a sale is considered a cash sale if no terms of payment are named ; " and the court so found the usage to be. That being the presumption of law in all contracts of sale, the evidence of usage to that effect was immaterial.

Upon such contracts the seller is not bound to deliver without payment of the price at the same time. But if he does make an unqualified delivery he waives his advantage, and the title passes, and his lien for the price is discharged.

What precisely would be the effect of a usage, in sales considered as cash sales, " to allow the buyer time, not exceeding ten days, before calling on him for payment," if it were proved as a well defined and distinct usage of trade, we need not consider in this case, because the effect of the proof, upon which that claim of usage rests, is modified by proof, also satisfactory to the presiding judge, if competent, " that it is the custom in said trade for the buyer in such cases to sell the property at any time after the delivery of such order to him." That such evidence is competent we have no doubt ; not as establishing an independent usage affecting the operation of the contract, but as bearing upon the significance and effect of the alleged usage to deliver without immediate payment.

Upon the whole evidence we think it clear that no conditional delivery was established ; and therefore that the title passed, and the plaintiff had no right of possession at the time this action was brought. There must be therefore

*Judgment for the defendants.*